UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| LEANNA CHAPMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:15-CV-01042-TCM |
| J&M SECURITIES, LLC, and SANSONE LAW, LLC, doing business as SANSONE & LAUBER, | ) | |
| Defendants. | ) | |

**DEFENDANT J&M SECURITIES, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant J&M Securities, LLC ("J&M") submits this Opposition to Plaintiff's Motion for Summary Judgment [Doc. 9] on liability only.

## I. INTRODUCTION

### A. Chapman's Complaint.

On July 2, 2015, Plaintiff Leanna Chapman ("Chapman") filed a one-count Complaint against J&M and Defendant Sansone Law, LLC, d/b/a Sansone & Lauber ("Sansone"). In her Complaint, Chapman alleged J&M and Sansone (collectively, "Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in attempting to collect a debt relating to her lease agreement.

In her factual allegations, Chapman alleges Defendants filed a lawsuit in St. Charles County, Missouri Circuit Court against her in which they sought interest, attorneys' fees and reletting fees pursuant to her lease agreement. Complaint ¶¶11, 15. In pertinent part, Chapman alleges that she called Sansone to dispute the debt, and, during that call, Sansone did not provide her with the FDCPA's "Mini-Miranda." Id. at ¶¶21-23.

In Count I, Chapman alleges "*Defendants* have committed violations of the FDCPA." Id. at ¶¶27(a-c) (emphasis added). The Complaint does not state whether Chapman seeks damages against Defendants for individual violations of the FDCPA or jointly and severally for the same violations of the FDCPA.

### B. Chapman's Settlement With Sansone.

On July 7, 2015, Sansone served an Offer of Judgment on Chapman. SOAF ¶2. On July 8, 2015, Chapman filed a Notice of Settlement between her and Sansone. SOAF ¶3. On August 26, 2015, Chapman moved to dismissed Sansone with prejudice pursuant to their settlement. SOAF ¶4. Now, Chapman's Complaint only remains against J&M.

### C. Chapman's Motion For Summary Judgment Should Be Denied.

On July 16, 2015, nearly two (2) weeks *before* J&M's responsive pleading deadline, Chapman filed a Motion for Summary Judgment (on liability only) against J&M. [Doc Nos. 9-11]. In her Motion, Chapman alleges she is entitled to judgment as a matter of law on her claim against J&M "pursuant to 15 U.S.C. § 1692e(11) because **co-Defendant Sansone … failed to provide the mini-Miranda in his initial communication and subsequently failed to identify himself as a debt collector** while trying to collect a debt from Plaintiff." [Doc. 9, ¶2] (emphasis added).

Chapman is not entitled to judgment as a matter of law on her 15 U.S.C. § 1692e(11) claim against J&M. First, Chapman already received full recovery from Sansone for actions she alleges form the basis for her claim against J&M. Second, Chapman's Motion does not establish an agency relationship between J&M and Sansone sufficient to trigger vicarious liability on the part of J&M for Sansone's actions. Finally, there are genuine issues of fact as to whether Sansone's alleged conduct violated §1692e(11), and Chapman's Motion does not assert any

2
{00325625.1}

conduct on part of J&M that violates 15 U.S.C. § 1692e(11). Accordingly, for the reasons fully discussed below, the Court should deny Chapman's Motion for Summary Judgment.

## II. STATEMENT OF FACTS

J&M's responses to Plaintiff's Statement of Uncontroverted Facts, as well as J&M's Statement of Additional Facts[1], are filed separately herewith, per Local Rule 7-4.01(E).

## III. ARGUMENT

### A. Standard of Review.

#### 1. A Court Should Deny Judgment as a Matter of Law if Any Material Facts are in Dispute.

Federal Rule of Civil Procedure 56(c) allows a court to grant summary judgment when the moving party demonstrates that there is no genuine issue of material fact for trial *and* that the movant is entitled to judgment as a mater of law. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A court reviewing a motion for summary judgment must view all facts and inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). If the moving party demonstrates the absence of genuine issue of material fact, the non-moving party then has the burden come forth with specific facts showing that there is a genuine issue for trial. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

#### 2. The "Unsophisticated Consumer" Test Involves a Level of Reasonableness.

In her Memorandum in Support of her Motion for Summary Judgment, Chapman correctly notes that a court must analyze FDCPA claims from the perspective of an "unsophisticated consumer." Volden v. Innovative Financial Systems, Inc., 440 F.3d 947, 955

---

[1] Abbreviated herein as "SOAF"

(8th Cir. 2006). While the "unsophisticated consumer" test is meant to protect consumers of below average sophistication, it involves an element of reasonableness to prevent bizarre interpretations of debt collection activities. Id.

> **B. Chapman is Not Entitled to Judgment as a Matter of Law because She Has Already Recovered Damages from Sansone, and She Cannot Recover Twice for the Same Harm.**

As a threshold matter, the Court must dismiss Chapman's Motion for Summary Judgment because she has already recovered for the harm for which she seeks to hold J&M liable. It is well-established that a plaintiff who alleges separate causes of action cannot obtain double recovery for the same harm, even through different theories of liability alleged in the complaint. Dowling v. Litton Loan Servicing, LP, 2006 WL 3498292, No. 2:05-CV-0098, *14 (S.D. OH Dec. 1, 2006) (quotation omitted) (holding plaintiff cannot recover for actual damages pursuant to the FDCPA and three other statutes for the same conduct). Under the FDCPA, statutory damages may be imposed against multiple defendants in the same action **only if plaintiff alleges individual violations as to each defendant**. 15 U.S.C. § 1692k; Ganske v. Checkrite, Ltd., 1997 WL 33810208, No. 96-C-05410-S, 96-C-0743-S (W.D. WI Jan. 6, 1997); *but see* Martinez v. Scott, 2011 WL 3566970, No. H-10-1619 (S.D. TX Aug. 12, 2011) (holding a plaintiff is only entitled to a total of $1,000 per proceeding, regardless of the number of defendants).

Here, Chapman seeks judgment as a matter of law on her § 1692e(11) claim against J&M for Sansone's conduct *only*. SOAF ¶2. Her motion asserts no conduct on part of J&M that violates the FDCPA. [Doc. 9, 11]. In July, Chapman accepted Sansone's Rule 68 Offer of Judgment on Count I of her Complaint. SOAF ¶3. Through this settlement, Sansone offered to have liability entered against it, and Chapman recovered all she could possibly recover from Sansone on her FDCPA claims against it. Since her instant Motion concerns the actions of

{00325625.1}

Sansone *only*, for which she has already recovered, allowing Chapman to recover from J&M for the same harm would result in a prohibited double recovery.

Accordingly, the Court should deny Chapman's Motion for Summary Judgment.

**C. Chapman is Not Entitled to Judgment as a Matter of Law because there are Genuine Issues of Material Fact as to Whether J&M is Vicariously Liable for Sansone's Acts, and She Cannot Establish Sansone or J&M Violated § 1692e(11).**

To establish a violation of the FDCPA, Chapman must prove that: (1) she is a consumer; (2) J&M is a debt collector; (3) J&M attempted to collect a debt; and (4) J&M violated, by act or omission, a provision of the FDCPA. Johnson v. PHH Mortg. Serv. Ctr., 2012 U.S. Dist. LEXIS 167590, No. 4:12-CV-2105-RWS, *7 (E.D. MO 2012). J&M does not dispute that Chapman is a "consumer," J&M is a "debt collector," and that J&M attempted to collect a debt from Chapman. However, there are genuine issues of material fact as to whether J&M violated 15 U.S.C. § 1692e(11), and the Court should deny judgment as a matter of law. First, there are genuine issues of material fact as to whether J&M is vicariously liable for Sansone's acts. Second, Chapman's Motion for Summary Judgment does not allege any conduct on part of Sansone or J&M entitling her to judgment as a matter of law.

> *1. There are Genuine Issues of Material Fact as to Whether J&M is Vicariously Liable for Sansone's Acts, and the Court Should Deny Judgment as a Matter of Law.*

The Court should deny Chapman's Motion for Summary Judgment because it does not properly set forth the elements of vicarious liability and, even if it did, there are genuine issues of material fact as to whether J&M is vicariously liable for Sansone's action.

An original creditor that qualifies as a "debt collector" under the FDCPA can be held liable for the acts of its agent that violate the FDCPA. Fox v. Citicorp Credit Services, Inc., 15 F.3d 1508, 1516 (9th Cir. 1994); Harbison v. Litow & Pech, P.C., 2013 WL 1095654, No. 4:12-

5
{00325625.1}

cv-2180-SNLJ, *4 (E.D. MO Mar. 18, 2013) (acknowledging vicarious liability under the FDCPA). However, in order to hold an original creditor vicariously liable for the acts of its agent, the plaintiff must prove an established agency relationship. Harbison, 2013 WL 1095654 at *4. This requires proof of the agency relationship, and not that of an independent contractor, and the agency theory under which the plaintiff seeks to establish vicarious liability, *e.g.*, actual or apparent authority or ratification. Id.; Garcia v. Resurgent Capital Services, LP, 2012 WL 1144239, No. C-11-1253-EMC, *7 (N.D. CA Apr. 4, 2012); Oei v. N Star Capital Acquisitions, LLC, 486 F.Supp.2d 1089, 1095 (C.D. CA 2006); Newman v. Checkrite California, Inc., 912 F.Supp. 1354, 1369-70 (E.D. CA 1995).

In Sonmore v. Checkrite Recovery Services, Inc., the District of Minnesota held that whether or not an agency relationship exists is a question of fact. 2000 WL 34494811, No. 99CIV2039DDAFLN, *8 (D. MN Oct. 25, 2000). In denying defendant's motion for summary judgment, the Court noted that since discovery had not been conducted, there were not sufficient facts yet gathered to determine the relationship between the defendants so as to establish vicarious liability. Id.

Here, there are genuine issues of material fact as to whether an agency relationship exists between J&M and Sansone sufficient to hold J&M vicariously liable for Sansone's acts. In her Motion, Chapman does not even attempt to analyze the potential agency relationship between J&M and Sansone, and in fact it does not contain the relevant test or authority. [Doc. 11]. Furthermore, Chapman's Motion does not describe the relationship between J&M and Sansone other than to infer that Sansone is the agent of J&M simply because it represented J&M in a lawsuit. [Doc. 11]. Otherwise, Chapman presents no evidence supporting the type of agency relationship allegedly present between J&M and Sansone. Like in Sonmore, the parties here

have not yet engaged in discovery, and consequently Chapman does not have the pertinent facts necessary to determine whether an agency relationship exists between J&M and Sansone. 2000 WL 34494811 at*8.

There are genuine issues of material fact as to whether Sansone acted as J&M's agent under the facts as alleged in Chapman's Motion. Accordingly, the Court should deny Chapman's Motion for Summary Judgment.

>    2.    *Assuming* Arguendo*, but falsely, J&M is Vicariously Liable for Sansone's Acts, there are Genuine Issues of Material Fact as to Whether Sansone Violated § 1692e(11).*

Assuming *arguendo*, but falsely, Chapman sufficiently established Sansone as J&M's agent, there are genuine issues of material fact as to whether Sansone violated § 1692e(11). The FDCPA "requires debt collectors to meaningfully identify themselves and state that they are calling to collect a debt (sometimes referred to as the 'mini-Miranda') in communications with a consumer. Zortman v. J.C. Christensen & Associates, Inc., 870 F.Supp.2d 694, 700 (D. MN 2012) (citing 15 U.S.C. § 1692e(11)).

In keeping with the limits of the unsophisticated consumer standard, Courts read § 1692e(11) with an element of reasonableness. *See* Foti v. NCO Financial Systems, Inc., 424 F.Supp.2d 643, 670 (S.D. NY 2006). In Foti, the court granted defendant's motion to dismiss plaintiff's § 1692e(11) claim. Id. Plaintiff based his claim on a conversation during with the debt collector did not explicitly state "this is a debt collector." Id. However, the debt collector did state that it was calling in regard to two outstanding accounts for collection. Id. The Court held those statements were "unlikely to confuse even the least sophisticated consumer," as it was clear the debt collector's call was in reference to "*outstanding* … accounts" for collection. Id. (emphasis in original). "Thus, 'when listening to the conversation in its entirety, the least

7

sophisticated consumer would understand the warning message.'" Id. (citation omitted). *See also* Costa v. National Action Financial Services, 634 F.Supp.2d 1069, 1076-77 (E.D. CA 2007) (noting that the policy behind § 1692e(11) "is not well served" in instances in which a plaintiff knowingly calls a collection agency).

Here, there are two reasons why the Court should deny Plaintiff's Motion. First, there are genuine issues of fact surrounding the purported "Transcript" of telephone conversations between Sansone and Chapman. SOAF ¶6. The Transcript itself even disclaims authenticity, stating it is not to "be considered verbatim." SOAF ¶6. Thus, at this early stage in litigation, it is unclear whether the Transcript is accurate. Indeed, the best evidence of the allegedly recorded telephone calls is indeed the recordings themselves. Fed. R. Evid. 1002. Since J&M does not have the call recordings, it has no way to confirm the authenticity of the Transcript.

Second, there are genuine issues of fact as to whether Sansone's purported statements, or lack thereof, violate 15 U.S.C. § 1692e(11). According to the Transcript, Chapman called Sansone with the express purpose of setting up a payment arrangement to resolve her outstanding debt with J&M. SOAF ¶7. Sansone then called Chapman once as she requested to continue the conversation about resolving the debt. SOAF ¶8. Subsequently, Chapman called Sansone back and left a message with an assistant in which she said: "The collection agency, J.M. Securities, … I have a debt with them and I'm trying to get it resolved." SOAF ¶9. There is no evidence in the record of communications between Sansone and Chapman before or after the allegedly recording calls, whether written or oral. Nevertheless, the Transcript clearly indicates Chapman understood her communications with Sansone were in an effort to resolve a debt. In light of this reality, like in Foti, the Court should deny Plaintiff's Motion.

> 3. *Chapman's Motion for Summary Judgment is Devoid of Any Facts Establishing J&M's Actions Violated § 1692e(11), and the Court Should Deny Judgment as a Matter of Law*.

The Court should deny Chapman's Motion for Summary Judgment because it does not contain any facts establishing J&M's actions violated 15 U.S.C. § 1692e(11).

Chapman does not suggest J&M failed to inform Chapman in its initial communication with her of the FDCPA's "Mini-Miranda." SOAF ¶2. Similarly, Chapman does not suggest J&M failed to disclose it was a debt collector in subsequent communications with her. SOAF ¶2. In fact, Chapman's Motion does not describe any conduct on part of J&M that could conceivably violate 15 U.S.C. § 1692e(11). SOAF ¶2.

Thus, Chapman's Motion for Summary Judgment fails to establish that, as a matter of law, she is entitled to judgment on her § 1692e(11) claim against J&M. Accordingly, the Court should deny her Motion.

### D. Chapman is Not Entitled to Actual and Statutory Damages and Attorneys' Fees Because J&M Did Not Violate the FDCPA.

In her Motion, Chapman asserts an entitlement to damages and attorneys' fees pursuant to the FDCPA. [Doc. 11]. As discussed above, there are genuine issues of material fact as to whether J&M violated 15 U.S.C. 1692e(11), and therefore she is not entitled to judgment as a matter of law. Accordingly, she is not entitled to statutory and actual damages or attorneys' fees.

### IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Court should deny Chapman's Motion for Summary Judgment and award such other and further relief as the Court deems appropriate.

Respectfully submitted,

LOWENBAUM LAW

/s/ Matthew J. Aplington
Matthew J. Aplington, #58565MO
Julia M. Hodges, #64912MO
222 South Central Avenue, Suite 900
Clayton, Missouri 63105
Telephone: (314) 863-0092
Facsimile: (314) 746-4848
maplington@lowenbaumlaw.com
jhodges@lowenbaumlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 24th day of September, 2015, served a true and correct copy of the foregoing via the United States District Court for the Eastern District of Missouri's CM/ECF Electronic Filing System upon the following counsel of record:

James W. Eason, Esq.
The Eason Law Firm, LLC
124 Gay Avenue, Suite 200
Clayton, Missouri 63105
Telephone: (314) 932-1066
Facsimile: (314) 667-3161
james.w.eason@gmail.com

/s/ Matthew J. Aplington

10
{00325625.1}