# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEANNA CHAPMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:15cv1042 TCM ) |
| J&M SECURITIES, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending in this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 to 1692p (FDCPA), is a motion by Leanna Chapman (Plaintiff) for summary judgment on the question whether there was a violation of the Act during telephone conversations between Benjamin Sansone and Plaintiff about a debt she allegedly owes defendant J&M Securities, LLC (J&M).[1] The motion was filed before her claims against then-defendant Sansone Law, LLC, doing business as Sansone & Lauber, were dismissed and before J&M filed a responsive pleading.

## Background

For purposes of the instant motion, it is undisputed that Plaintiff is an individual consumer, that J&M is a debt collector, and that J&M attempted to collect a debt from Plaintiff. (See Def.'s Resp. at 5, ECF No. 29.)

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Four months before this action was filed, J&M filed a breach of contract action against Plaintiff in the Circuit Court for St. Charles County, Missouri. See J&M Securities LLC v. Chapman, Case No. 1511-AC01403 (Mo.Cir.Ct. Mar. 6, 2015). Benjamin Sansone is the attorney of record for J&M. (Id.)

At some point, Plaintiff allegedly telephoned Sansone to work out a payment agreement. (Pl.s Mot. Ex. 1 at 2, ECF No. 10-1.[2]) She explained that she had learned he was representing J&M in the state action. (Id.) Sansone asked what payment plan she proposed; she responded that she wanted to pay $25 a month. (Id. at 3.) Sansone was unfamiliar with her case and told her he would call her back. (Id. at 3-4.) He did, informing her that his client would accept her payment plan offer but needed an address to send the necessary paperwork to. (Id. at 6.) She was to call J&M when she had an address. (Id. at 7.) Apparently one month later, see note 2, supra, she spoke with an unidentified woman at Sansone's office and informed her that she had attempted to tell someone at J&M her address but he refused to take it. (Id. at 8-9.)

In the state court proceedings, the initial summons was returned *non-est*. See J&M Securities LLC v. Chapman, entry of April 7, 2015, available at www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Sept. 30, 2015). An alias

---

[2]Exhibit 1 is a transcript of an audio recording of telephone calls between Sansone and Plaintiff. The transcript includes a caution that portions of the calls were unable to be transcribed, that words might be misinterpreted, and that it "should not be considered verbatim." (Ex. 1 at 1.) By Order of August 25, 2015, Plaintiff was to produce the recording of the conversations within seven days. She has not done so.

summons was requested, and issued, three times. (Id.) Plaintiff was served in September, two months after this action was filed. (Id.)

In her pending motion, Plaintiff argues that J&M violated 15 U.S.C. § 1692e(11)[3] when Sansone failed to identify himself as a debt collector and to inform her during their two telephone conversations that he was attempting to collect a debt and any information obtained would be used for that purpose. (Pl'.s Mem. at 4, ECF No. 11.) J&M counters that summary judgment is, at best, premature because genuine issues remain whether (a) the recovery Plaintiff obtained from Sansone precludes her obtaining another recovery from J&M for the same alleged violation; (b) the necessary agency relationship between J&M and Sansone has been established; and (c) even if J&M could be vicariously liable for Sansone, Sansone's conduct violated § 1692e(11).

## Discussion

Summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure "is proper when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that no genuine issue of material fact exists, and that the moving party is

---

[3]Section 1692e(11) provides that the following is a violation of the FDCPA:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C.A. § 1692e(11). This disclosure is sometimes referred to as the "mini-*Miranda*." **Zortman v. J.C. Christensen & Assocs.**, 870 F.Supp.2d 694, 700 (D. Minn. 2012).

entitled to judgment as a matter of law." **Rester v. Stephens Media, LLC**, 739 F.3d 1127, 1130 (8th Cir. 2014). The existence of a factual dispute is not enough alone to avoid entry of summary judgment; "rather, the dispute must be outcome determinative under the applicable law." **Hammer v. City of Osage Beach, Mo.**, 318 F.3d 832, 837 (8th Cir. 2003).

"'The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act.'" **Dunham v. Portfolio Recovery Assocs.**, 663 F.3d 997, 1000 (8th Cir. 2011) (quoting Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006)) (alteration in original). "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" **Strand v. Diversified Collection Serv., Inc.**, 380 F.3d 316, 317 (8th Cir. 2004) (quoting Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000)).

Plaintiff contends that there is no genuine issue of fact whether J&M is liable for Sansone's failure to provide her the required mini-*Miranda* disclosure, see note 3, supra, because the transcript of the telephone call establishes that the purpose of the communication was to collect a debt. This argument is unavailing for two reasons. First, "[a]t summary judgment, the requisite 'genuine dispute, Fed.R.Civ.P. 56(a), must appear in *admissible* evidence." **Crews v. Monarch Fire Protection Dist.**, 771 F.3d 1085, 1092 (8th Cir. 2014). Plaintiff seeks summary judgment on the basis of a transcript of telephone calls between her and Sansone. The transcript at issue expressly states that it is not to be "considered verbatim"

because portions are omitted and misinterpreted words may be included.  Federal Rule of Evidence 1002, the "best evidence rule," provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."  The proffered transcript is clearly not admissible.

Second, Plaintiff has failed to establish the lack of a genuine issue of material fact as to whether the telephone conversations were an *attempt to collect* a debt or whether they were only Plaintiff's *attempt to pay* a debt.  Citing **Johnson v. Eaton**, 873 F.Supp. 1019, 1027 (M.D. La. 1995), Plaintiff argues that the distinction is one without a difference because the disclosures required by § 1692e(11) must be made regardless of "[w]hether or not the plaintiff called and requested payment arrangements."  The issue in that case, however, was whether *documents* sent to the plaintiff, i.e., a letter questionnaire and attached consent judgment, had to include the § 1692e(11) notice.  **Id.**  The court rejected the defendants' argument that plaintiff had waived her right to protection under the FDCPA by calling, holding that "notice under 1692e(11) is required in all communications made to collect a debt."  **Id.**  In that case, the documents at issue were clearly attempts to collect a debt by a debt collector, albeit after the plaintiff made the initial contact.  In the instant case, Plaintiff initiated the call, suggested a payment plan to Sansone at a time when he was apparently unfamiliar with her case, and later answered his call when he told her her plan had been accepted and what to do next.  At this stage of the proceedings, given the lack of any discovery and the apparently incomplete and possibly inaccurate transcript, Plaintiff has

failed to establish a genuine issue of material fact as to whether § 1692e(11) was violated during the telephone calls between Sansone and Plaintiff.

Additionally, J&M has raised issues that preclude the entry of summary judgment now as to its liability.

For instance, J&M argues that Plaintiff has failed to establish that it should be held vicariously liable for any FDCPA violations committed by Sansone. The only communications at issue are those by Sansone. (See Compl. ¶ 21-23.) These communications were allegedly in furtherance of attempts by Sansone and J&M to collect a debt arising from a rental agreement between Plaintiff and a third party. (Id. ¶ 5.) In FDCPA cases, an entity that satisfies the definition of a "debt collector," which J&M does, has sometimes been "held vicariously liable for unlawful collection activities carried out by another on its behalf." **Pollice v. Nat'l Tax Funding, L.P.**, 225 F.3d 379, 404 (3rd Cir. 2000) (citing a Ninth Circuit case imposing such liability and a Sixth Circuit case declining to do so).[4] Also, vicarious liability has sometimes been "attach[ed] in the context of an attorney-client relationship where both the attorney and client are debt collectors." **Boldon v. Messerli & Kramer, P.A.**, — F.3d —, 2015 WL 1235658, *9 (D. Minn. Mar. 17, 2015) (internal quotations omitted). See also **Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA**, 559 U.S. 573, 600 (2010) (noting that "[s]ome courts have held clients vicariously liable for their lawyers' violations of the FDCPA"); **Okyere v. Palisades Collection, LLC**, 961 F.Supp.2d 508, 516 (S.D. N.Y. 2013) (citing cases holding that

---

[4]The Eighth Circuit has not yet reached the issue.

vicarious liability may attach in the context of an attorney-client relationship where both the attorney and client are debt collectors). In other cases, the imposition of vicarious liability has depended on whether the debt collection company exercised control over the activities of its attorney or vice versa. See **Clark v. Capital Credit & Collection Servs. Inc.**, 460 F.3d 1162, 1173 (9th Cir. 2006) (affirming grant of summary judgment when there was no evidence offered that attorney sought to be held liable exercised any control over client/collection agency); **Kniley v. Citibank, N.A.**, 2015 WL 1535668, *4 (N.D. Cal. Apr. 6, 2015) ("Vicarious liability under the FDCPA is appropriate when a client exercises control over the conduct or activities of the attorneys it has hired for debt collection."). But see **White v. Sherman Financial Group, LLC**, 984 F.Supp.2d 841, 854 (E.D. Tenn. 2013) (holding in FDCPA case that the "the nature of an attorney-client relationship itself reflects that the client has the power to control its agent in material respects if the client wishes to do so") (internal quotations omitted). Moreover, even in circumstances where vicarious liability may attack, there is none if the violation is intentional and outside the scope of the agency relationship. See **In re Humes**, 496 B.R. 557, 579 (Bankr. E.D. Ark. 2013).

As the foregoing illustrates, there are questions that must be answered before J&M may be held liable for the communications of Sansone.

J&M further argues that Plaintiff is impermissibly seeking a double recovery for the alleged FDCPA violation. "It is a well-settled equitable principle that the injured party is entitled to be made whole but not allowed a double recovery." **Weitz Co. v. Lexington Ins. Co.**, 786 F.3d 641, 648 (8th Cir. 2015) (internal quotations omitted). Title 15 U.S.C.

§ 1692k(a) delineates the amount of damages allowed in a successful FDCPA action, including any actual damages sustained as a result of the underlying violation, an additional amount not to exceed $1,000, and the plaintiff's costs and reasonable attorney's fees. It is undisputed that Plaintiff has resolved her claims against Sansone. The substance of that resolution, however, is unknown. In her pending motion, Plaintiff has sought summary judgment on the question of liability only. The question of double recovery remains to be answered when the issue of damages is addressed.

### Conclusion

As noted above, Plaintiff bears the burden of establishing that no genuine issue of material fact exits as to whether J&M violated 15 U.S.C. § 1692e(11) when Sansone spoke with Plaintiff. She has failed to carry this burden.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**. [Doc. 9]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of October, 2015.